UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NICHOLAS A. GULLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PLAINFIELD CORR. FACILITY, ) <br> ) <br> Respondent. ) | No. 2:16-cv-00082-JMS-DKL |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Nicholas Gulley for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-09-0285. For the reasons explained in this Entry, Mr. Gulley's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On September 27, 2015, Sergeant Mead wrote a Conduct Report charging Mr. Gulley with trafficking.  The Conduct Report states:

> On 9-27-2015 at approximately 2:33 pm, I, Sgt M. Mead observed through video surveillance the visitation of Offender Gulley, Nicholas #961671 and Visitor April Sirosky in the offender visitation room. At approximately 2:33 pm Offender Gulley, Nicholas #961671, removed a black object from his mouth and wiped the object on his pants. After a more extensive review of the visit, it was discovered that at approximately 2:26pm Sirosky reaches into the left side of her bra appearing to conceal something in her hand. At approximately 2:27pm Sirosky is observed opening a Cracker Jack bag and she appears to be placing something inside the bag. At approximately 2:32pm, Offender Gulley is observed taking a black object out of the same Cracker Jack bag and placing it into his mouth, followed by removing the black object and wiping it on his pants at approximately 2:33pm. At approximately 2:36pm a black object is clearly observed in Offender Gulley's right hand and conceals the package in his mouth. Offender Gulley was ordered to place his hands behind, while placing his hands behind his head, he appears to put a black object in his mouth. The offender was then escorted out of the visitation room and strip searched. Offender Gulley was then escorted to HSU for Evaluation then to RSH where he was placed in yellow-25 on dry cell.

[Filing. No. 10-1 at 1.]

Mr. Gulley was notified of the charge on September 29, 2015, when he received the Screening Report.  Mr. Gulley did not request to call any witnesses, and he only requested the video as evidence.  He plead not guilty to the charge.

A video summary was prepared and states the following:

> On [October 11, 2015], I DHO J. Faudree reviewed the Visit Room PTZ Camera for an incident that occurred on 9/27/15. After reviewing the camera I did clearly observe at 2:26:53PM visit[o]r April Sirosky reach in her shirt with her right hand. At 2:26:58PM she pulls her right hand out of her shirt. At 2:27:16PM she picks up a bag of Cracker Jacks. At 2:27:19PM she opens the bag of Cracker Jacks. At 2:27:27PM she is clearly observed dropping a black object into the Cracker Jack bag. At 2:27:29PM she gives the bag to Offender Gulley, Nicholas #961671. At 2:28:17PM Gulley reaches in the bag with his right ha[n]d. At 2:29:41PM pulls the object out of the Cracker Jack bag and places it in his mouth. At 2:33:19PM Gulley is clearly observed taking the black object with his right [hand] and wipe it on his left pant leg. At 2:35:59PM Gulley stands up and turns around. At 2:36:01PM the

> black object is clearly observed in Offender Gulley's right hand. At 2:36:03 the offender raises [h]is hand in an upward motion to his mouth.

[Filing No. 10-4 at 1.]

A hearing was held on October 28, 2015. Mr. Gulley stated that Ms. Sirosky did not "place anything in the bag." [Filing No. 10-5 at 1.] Based on Mr. Gulley's statement, the staff reports, and the video evidence, the hearing officer found Mr. Gulley guilty. The hearing officer recommended and approved the following sanctions: one-hundred-eighty-day earned-credit-time deprivation and a credit class demotion.

Mr. Gulley appealed to the Facility Head. The Facility Head modified the offense from trafficking to aiding or abetting trafficking, but otherwise affirmed the decision. Mr. Gulley then appealed to the IDOC Final Reviewing Authority, who denied his appeal. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Gulley raises two claims in his habeas petition: (1) that the statute under which he was convicted was repealed prior to his offense and that he was not given notice of, or an opportunity to defense against, the charge as altered on appeal; and (2) there was insufficient evidence to support his conviction because there was no physical evidence of the crime and officers made conflicting statements regarding it. The Court will address each claim in turn.

*1.     Whether the Charge was Valid and Notice Was Proper*

Mr. Gulley contends that the offense of trafficking is defined by reference to Indiana Code § 35-44-3-9, which was repealed, and thus his conviction for aiding and abetting trafficking was inappropriate. The respondent points out, however, that at the time Mr. Gulley committed his offense, trafficking was defined as follows: "Engaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *See Indiana Department of*

*Correction Adult Disciplinary Process, Appendix I: Offenses* (effective June 1, 2015), http://www.in.gov/idoc/files/ 02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The referred to section of the Indiana Code, which was effective at the time Mr. Gulley was charged with trafficking, defines trafficking in relevant part as knowingly or intentionally delivering or carrying an article into a penal facility without prior authorization from the facility. *See* Ind. Code § 35-44.1-3-5(b). Thus there is no merit to Mr. Gulley's contention that the section of the Indiana Code defining his offense was not in effect at the relevant time. Mr. Gulley appears to recognize this in his reply brief, as he argues that he was not aware of the changes to the Indiana Code at the time. But his unawareness of this fact does not establish that he did not commit the charged offense or was otherwise denied due process.

Relatedly, he argues in his reply brief that the changing of his charge on appeal from trafficking to aiding or abetting trafficking violated his due process rights in that he was not given the opportunity to defend against the latter charge. To the extent Mr. Gulley raises this as an independent issue, it has no merit. "Indiana inmates have a protected liberty interest in their credit-earning class, and therefore are entitled to receive advance written notice of the charges against them." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations omitted). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge," which allows "the accused to gather the relevant facts and prepare a defense." *Id.* (citations and quotation marks omitted).

The Seventh Circuit rejected an analogous argument to the one Mr. Gulley advances here in *Northern*. In that case, the petitioner's charge was changed on appeal from conspiracy and bribery to attempted trafficking of tobacco. This change did not violate due process, concluded the Seventh Circuit, because the written notice informing the petitioner of the factual basis for his

charge provided the petitioner with "all the information he needed to defend against the trafficking charge." *Id.* at 911.  Simply put, if the facts of the initial charge are "sufficient to apprise [the petitioner] that he could be subject to a [different] charge," due process is not violated because the defendant is on notice that he could be subject to a different charge and has all the factual information necessary to prepare a defense against that charge.  *Id.* at 910-11; *see Moshenek v. Vannatta*, 74 Fed. Appx. 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis").

Here, Mr. Gulley was provided the Conduct Report that charged him with trafficking and detailed the facts underlying that charge—namely, his receipt of an object from a visitor during visitation.  [*See* Filing No. 10-1 at 1.]  These facts clearly provide Mr. Gulley notice that he could be charged with aiding and abetting trafficking, or, put differently, the factual basis for the original trafficking charge and the modified aiding or abetting trafficking charge are the same.  Accordingly, Mr. Gulley was provided the notice due process requires.

To the extent that Mr. Gulley suggests he was entitled to a hearing on the new charge, this is also incorrect for the same reasons.  Although "[i]nmates have a due process right to notice and an opportunity to call witnesses and present other evidence at disciplinary hearings, . . .  a replay of the hearing is not required if an inmates administrative appeal results in [a different charge] premised on the same facts."  *Davenport v. Roal*, 482 Fed. Appx. 183, 185 (7th Cir. 2012).  Accordingly, the change of charge on appeal did not violate Mr. Gulley's due process rights.  *See Northern*, 326 F.3d at 910-11.

Accordingly, Mr. Gulley is not entitled to habeas relief on these claims.

          2.        *Whether Sufficient Evidence Supports the Conviction*

Mr. Gulley argues that the evidence was insufficient to convict him of aiding or abetting trafficking because there was no physical evidence found on him and because two correctional officer allegedly made contradictory statements regarding the incident.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). This standard, known as the "some evidence" standard, is lenient, "requiring only that the decision not be arbitrary or without support in the record." *Id.*; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The lenient "some evidence" standard is clearly met in this case. The Screening Report and video summary set forth in detail how Mr. Gulley was viewed accepting an object from a visitor. [*See* Filing No. 10-1; Filing No. 10-4.] The Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, which it does here. When all due process requires is "some evidence" supporting the conviction, it is irrelevant that no physical evidence was found or that correctional officer statements regarding the incident were inconsistent. The detailed Conduct Report and video summary provide evidence that Mr. Gulley was aiding or abetting trafficking, and thus the hearing officer's decision was not "arbitrary or without support in the record." *McPherson*, 188 F.3d at 786.

Accordingly, Mr. Gulley is not entitled to habeas relief on this claim.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Gulley to the relief he seeks.  Accordingly, Mr. Gulley's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: September 6, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

NICHOLAS A. GULLEY
961671
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel